2025 IL App (1st) 251131-U
No. 1-25-1131
Order filed June 24, 2025

Sixth Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ANDRES BARRIGA, individually and derivatively on behalf of WINDY CITY MEDICAL SPECIALISTS, LLC, WINDY CITY BILLPRO, INC., and WINDY CITY INJURY CARE, INC., | ) ) ) ) ) ) | |
| Plaintiff-Appellants, | ) ) | |
| v. | ) ) ) | Appeal from the Circuit Court of Cook County. |
| DRAGANA IVANOVA, MICHAEL GOTKIN, DJORDJE IVANOV, ZLATA SAKIC, VIVIAN KHAMIS, MEDICAL BILLING CONSULTANTS COMPANY, MEDICAL MARKETING CONSULTANTS INC., BILLING MED PRO LLC, AND EUROPEAN OUTSOURCING AGNECY, d.o.o., | ) ) ) ) ) ) ) ) ) | No. 24 CH 5432  Honorable Caroline K. Moreland, |
| Defendants-Appellees, | ) ) | Judge, presiding. |
| WINDY CITY MEDICAL SPECIALISTS, LLC, WINDY CITY BILLPRO, INC., and WINDY CITY INJURY CARE INC., | ) ) ) ) | |
| Nominal Defendants. | ) | |

_____

JUSTICE HYMAN delivered the judgment of the court.
Justices C.A. Walker and Gamrath concurred in the judgment.

**ORDER**

¶ 1   *Held*:   Circuit court did not abuse its discretion in granting a temporary restraining order.

¶ 2   This case involves a business dispute between former spouses who co-own companies, each accusing the other of starting a competing business and committing fraud. During their marriage, Andres Barriga and Dragana Ivanova had 50% stakes in several medical equipment companies. Following their divorce in 2022, they continued own the companies jointly.

¶ 3   Two years later, Barriga sued Ivanova, claiming she had started a competing business, took employees and customers, and fraudulently concealed her conduct. Barriga sought to remove Ivanova from the companies.

¶ 4   Ivanova answered the complaint and filed a counterclaim, accusing Barriga of starting his own competing business and conspiring to commit fraud. Ivanova requested the court to dissolve their jointly owned companies and award her monetary damages. That motion is still pending.

¶ 5   Meanwhile, Ivanova moved for an emergency TRO, alleging Barriga had removed her as a member of the companies, denied her access to bank accounts and financial information, and stopped her monthly payments. After briefing and a hearing, the trial court granted the TRO and required Barriga to restore past payments and make future monthly payments pending a preliminary injunction hearing.

¶ 6   Barriga argues that the trial court erred because (i) Ivanova's counterclaim is legally deficient and cannot support a TRO, and (ii) the TRO improperly seeks to remedy past bad acts and is compensatory in nature. We disagree and affirm. The trial court did not abuse its discretion in returning the parties to the *status quo*.

¶ 7                                              Background

¶ 8        Barriga and Ivanova each own a 50% interest in three companies: Windy City Medical Specialists LLC, Windy City BillPro Inc., and Windy City Injury Care, Inc. These companies sell medical equipment and provide case management and other services to law firms and medical professionals. Although they divorced in 2022, they remained business partners.

¶ 9        In June 2024, Barriga sued Ivanova, alleging she had engaged in a scheme to steal the companies' customers and start a competing business. On October 18, 2024, Ivanova filed an amended verified counterclaim, alleging Barriga opened a competing company, improperly closed the companies' office, and engaged in a scheme with an attorney to underpay the companies' customers. Ivanova sought dissolution of the companies (Counts I and II) and restitution (Count III), and asserted that Barriga had engaged in a conspiracy to commit fraud (Count IV). Barriga moved to dismiss the counterclaim. The trial court set a briefing schedule on the motion, but due to various delays, it has yet to rule.

¶ 10        On February 28, 2025, Barriga filed a 25-count second amended count complaint, adding new claims and parties. As to Ivanova, Barriga alleged fraud (count I), conspiracy to commit fraud (count II), shareholder oppression (counts XI and XII), breach of fiduciary duty (counts XIII, XIV, XVIII, XIX, XX), breach of contract (counts XV, XVI, and XVII), and violation of the Illinois Trade Secrets Act (count XXII). Barriga then sent a letter to Ivanova, stating he had removed her as a member of the companies and was terminating her monthly equitable distributions. He also removed her from the companies' bank accounts and denied her access to the companies' records.

¶ 11        On May 9, 2025, Ivanova filed an emergency motion for a TRO to preserve the *status quo* of the companies and to appoint an interim receiver. Specifically, Ivanova sought to enjoin

Barriga from terminating her equity interest and member status in the companies, from denying access to bank and financial records, and from withholding her equitable distributions.

¶ 12    On June 10, 2025, after argument, the trial court entered a TRO to remain in effect until a preliminary injunction hearing scheduled for July 8, 2025. The court required Barriga to (i) reinstate Ivanova as a member of the companies and (ii) pay her the monthly disbursement from the companies, dating from March 2025 forward, until further court order. The court deferred ruling on Ivanova's request for the appointment of an interim receiver until after an evidentiary hearing, and that issue is not before us.

¶ 13    Regarding the TRO, the trial court found that Ivanova had a clearly ascertainable right in need of protection—her membership interest in the companies. Moreover, the court determined that Ivanova's removal from the company was a potentially irreparable injury without an adequate remedy at law because it may be impossible to establish prior revenue as a basis for calculating damages. Lastly, the court found that Ivanova showed a likelihood of success on the merits, as her counterclaim sought dissolution of the companies due to Barriga's fraudulent acts. The court stated that that terminating Ivanova as a member "may show a fraudulent act." Ivanova also alleged Barriga engaged in a conspiracy to commit fraud by making payments to entities he and others controlled and Barriga had not presented documentation showing a valid business purpose for those payments. The court did not consider Ivanova's claim for restitution, noting that it is a remedy and not a valid claim.

¶ 14    The trial court ruled that Barriga's pending motion to dismiss Ivanova's counterclaim was not a barrier because "oftentimes a TRO is filed in conjunction with an initial complaint and heard before an answer is filed."

¶ 15    The court noted it was not determining the merits or deciding facts, which were still in dispute. "But," the court said, "there's no dispute that Plaintiff removed Defendant as a member of the companies while this case was pending. *** This fact alone is mostly what the Court is relying on." The court found that the "*status quo*" was before Barriga removed Ivanova as an equity member "because that is the last peaceable uncontested status" before the filing of the cross-complaints. Thus, the court granted the TRO and ordered a return to that status.

¶ 16                                    Analysis

¶ 17    Barriga raises two arguments (i) Ivanova's counterclaim is legally deficient, and the trial court erred in relying on it when granting the motion for a TRO and (ii) the TRO improperly seeks to remedy past acts and is compensatory in nature.

¶ 18                              Standard of Review

¶ 19    A TRO is an emergency remedy issued to maintain the *status quo* until the case can be disposed of on the merits. *Wilson v. Hinsdale Elementary School District 181*, 349 Ill. App. 3d 243, 248 (2004). A party seeking a TRO must demonstrate "(1) a clearly ascertained right in need of protection, (2) irreparable injury in the absence of an injunction, (3) no adequate remedy at law, and (4) a likelihood of success on the merits of the case." *Mohanty v. St. John Heart Clinic, S.C.*, 225 Ill. 2d 52, 62 (2006). Whether to grant or deny a TRO is within the trial court's sound discretion and we will affirm absent an abuse of discretion. *Id*. at 62-63.

¶ 20                             Ivanova's Counterclaim

¶ 21    Barriga contends Ivanova's counterclaim is legally deficient because (i) counts I and II seeking dissolution combine claims against multiple entities contrary to the requirements of section 2-603 of the Code of Civil Procedure (735 ILCS 5/2-603(b) (West 2022)); (ii) count

III seeks restitution, which is not a cause of action in Illinois; and (iii) count IV alleges conspiracy to commit fraud without pleading an underlying action for fraud.

¶ 22    Ivanova responds that she has pleaded legally sufficient claims for dissolution of the companies and for conspiracy to commit fraud. She also notes that her counterclaim was filed before Barriga filed his second amended verified complaint, which introduced new claims and parties. Ivanova further intends to file an amended counterclaim in response to Barriga's complaint, and a recently retained attorney will correct pleading deficiencies at that time.

¶ 23    While the trial court has yet to decide on Barriga's motion to dismiss Ivanova' counterclaim, Barriga contends that we can assess her counterclaim's validity and reverse the TRO if we find it lacking.

¶ 24    Even if we accept that Ivanova's counterclaim is deficient, this is not sufficient grounds to reverse the trial court's order. The trial court pointed out that both parties accused each other of fraud and sought to terminate their business relationship, with Barriga seeking to remove Ivanova as a member and Ivanova seeking a dissolution of the companies along with monetary damages. Barriga, however, unilaterally removed Ivanova as a member of the companies. The court cited his unilateral decision as the main reason for granting the TRO, stating that it was necessary to return to the *status quo* until it could decide the merits of the parties' claims. The trial court did not abuse its discretion.

¶ 25                    Temporary Restraining Order Restores *Status Quo*

¶ 26    Barriga contends injunctive relief is forward-looking; it focuses solely on what could happen in the future and does not allow for remedying past misconduct. For support, he relies on *Liebert Corp. v. Mazur*, 357 Ill. App. 3d 265, 285 (2005), where a computer equipment manufacturer and its exclusive sales representative were entitled to a preliminary injunction

barring the representative's former employees from using misappropriated trade secrets. This court noted that "[i]njunctive relief, by its nature, addresses only what could happen in the future and cannot remedy misconduct, such as the improper acquisition of trade secrets, that occurred in the past." *Id*. at 284. Barriga thus contends that the trial court erred in ordering him to redress past conduct by paying unpaid distributions.

¶ 27     We find merit in Barriga's assertion that in cases involving alleged misconduct like misappropriation of trade secrets, injunctive relief is generally aimed at future reactions. But, here, the trial court's TRO was not seeking to redress past misconduct. The central issue before the trial court concerns the status of the jointly owned companies and the respective interests of the parties, given dueling allegations of fraud and the establishment of competing companies. The purpose of the TRO, in this situation, serves to maintain the *status quo* pending a decision on the merits. *Smith v. Vanguard Group., Inc.*, 2019 IL 123264, ¶ 10. By granting the TRO, the trial court returned the parties to their positions before the litigation began and restored the *status quo,* allowing it to decide the merits of each party's claims.

¶ 28     With an interlocutory appeal under Illinois Supreme Court Rule 307, we do not decide the merits of the case. Instead, we evaluate "whether there was a sufficient showing made to the trial court to sustain its order granting or denying the interlocutory relief sought." *Postma v. Jack Brown Buick, Inc.*, 157 Ill. 2d 391, 399 (1993). Ivanova has demonstrated a right that requires protection, namely, her interest in the companies, irreparable injury with no adequate remedy at law, and a likelihood of success on the merits of the case. We, therefore, find that the trial court did not abuse its discretion in granting a temporary restraining order.

¶ 29     Affirmed.